# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COMFORT AMA NYADZOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:10CR329-1 |
| ) | 1:13CV1037 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

On May 23, 2011, this Court (per United States District Judge Thomas D. Schroeder) entered judgment against Petitioner imposing, <u>inter alia</u>, an 87-month term of imprisonment, as a result of her guilty plea to Count Two of her Indictment (which charged her with possessing with intent to distribute 698.3 grams of heroin in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)), which plea included Petitioner's admission that, as to Count Two, she possessed 100 grams or more of heroin. (<u>See</u> Docket Entry 1 (Indictment); Docket Entry 15 (Plea Agreement); Docket Entry 22 (Judgment); Docket Entry 31 (Plea Transcript); Docket Entry 32 (Sentencing Transcript).)[1] On March 30, 2012, the Fourth Circuit affirmed. <u>United States v. Nyadzor</u>, 474 F. App'x 323 (4th Cir. 2012). Petitioner did not seek certiorari review in the United States Supreme Court. (Docket Entry 45, ¶ 9(g).)

---

[1] Parenthetical citations refer to Petitioner's criminal case.

On September 23, 2013, the Court docketed Petitioner's undated and unsigned "Motion to Obtain Relief of a Newly Recognized Right of Alleyne by the United States Supreme Court" (Docket Entry 38), along with a cover letter signed by Petitioner, dated September 17, 2013 (Docket Entry 38-2). The Court promptly dismissed that filing as procedurally-defective and sent Petitioner the proper form for filing a motion under 28 U.S.C. § 2255. (Docket Entries 42, 43, and 44.) On November 4, 2013, the Court docketed Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"), which she signed as submitted to prison officials for mailing on October 28, 2013. (Docket Entry 45.) The United States has moved for dismissal (Docket Entry 51) and Petitioner has responded (Docket Entry 53). The Court should dismiss Petitioner's Section 2255 Motion as untimely.

Petitioner's Section 2255 Motion asserts that, "[p]ursuant to Alleyne v. United States, [___ U.S. ___, 133 S. Ct. 2151 (2013),] the Supreme Court has created a newly recognized 'Right' which states, Enhancements, otherwise called 'elements' having not visited a jury, must be vacated." (Docket Entry 45, ¶ 12(Ground One)(a); see also id., ¶ 13 (appearing to identify "Enhancement" at issue as "Title 21:841(b)(1)(B)").) "A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

[t]he limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period to file a claim under Section 2255 commenced on or about June 28, 2012, 90 days after the Fourth Circuit affirmed her conviction and her time to seek certiorari review passed. Clay v. United States, 537 U.S. 522 (2003). That one-year period expired on or about June 28, 2013, more than two and a half months before Petitioner filed her procedurally-defective motion seeking relief based on Alleyne and four months before she submitted her Section 2255 Motion. Accordingly, if Paragraph (1) of Subsection 2255(f) applies, Petitioner's Section 2255 Motion is untimely (absent any showing of entitlement to equitable tolling, see generally Holland v. Florida, 560 U.S. 631 (2010) (discussing equitable tolling in analogous context of 28 U.S.C. § 2244(d))).

Petitioner does not argue that Paragraph (2) of Subsection 2255(f) applies to her Section 2255 Motion. (See Docket Entry 45, ¶ 18; see also Docket Entry 53 at 1 ("After evaluation of the [Respondent's] response, [] Petitioner submits no further argument in support of her [Section 2255] [M]otion, at this time!").) Instead, she apparently seeks delayed accrual under Paragraphs (3) and/or (4) of Subsection 2255(f) and/or equitable tolling, in that she declares, under the heading "Timeliness of Motion," that her Section 2255 Motion "is based on [t]he Supreme Court's ruling of newly discovered evidence pursuant to [Alleyne], which states that the one year statute of limitations period begins to run on the date that the new Right is recognized." (Docket Entry 45, ¶ 18.) To the extent Petitioner requests application of Paragraph (3) of Subsection 2255(f), that request fails because "Alleyne has not been made retroactively applicable to cases on collateral review." United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. Sept. 27, 2013); see also 28 U.S.C. § 2255(f)(3) (limiting its application to Supreme Court decisions "made retroactively applicable to cases on collateral review"); United States v. Thomas, Nos. 3:14CV345FDW, 3:92CR284FDW3, 2014 WL 2931077, at *2 (W.D.N.C. June 30, 2014) (unpublished) ("[The] [p]etitioner contends that the petition is timely under § 2255(f)(3) because it was filed within one year of Alleyne. Section 2255(f)(3) does not apply to render the petition timely, as Alleyne has not been held

4

to be retroactive on collateral review." (internal citation omitted)), appeal dismissed, 585 F. App'x 288 (4th Cir. 2014).

Nor could Petitioner rely on any change in the law affected by Alleyne to secure either delayed accrual under Paragraph (4) of Subsection 2255(f) or equitable tolling. See Whiteside v. United States, ___ F. 3d ___, ___, 2014 WL 7245453, at *2-7 (4th Cir. 2014) (en banc) (holding that court rulings generally do not trigger application of Paragraph (4) of Subsection 2255(f) or warrant equitable tolling); United States v. Mitchell, No. 2:01CR82-2, 2014 WL 5106402, at *4 (D. Vt. Oct. 10, 2014) (unpublished) (deeming equitable tolling unavailable because "the circumstance of the new rule announced in Alleyne is not extraordinary . . . [particularly given that] § 2255(f)(3) covers the possibility of new rights announced by the Supreme Court"); Edwards v. United States, No. 3:12CV717WHA, 2014 WL 5113607, at *3 (M.D. Ala. Sept. 29, 2014) (unpublished) (declining to grant equitable tolling as to Alleyne claim because "judicial decisions where a defendant is a non-party do not constitute extraordinary circumstances"); United States v. Lester, No. 1:04CR70, 2014 WL 988633, at *2 (W.D. Va. Mar. 13, 2014) (unpublished) ("[T]he court decision[] in . . . Alleyne . . . [is] not [a] fact[] for purposes of § 2255(f)(4) . . . .").

5

In sum, Paragraph (1) of Subsection 2255(f) applies and Petitioner's Section 2255 Motion is untimely.[2] As a final matter, by letter motion dated June 9, 2014, Petitioner has asked for "permission to file a successive 28 U.S.C. § 2255 motion to set aside, vacate or correct [her] sentence." (Docket Entry 54 at 1.) The power to grant such relief lies with the Fourth Circuit, not this Court. See 28 U.S.C. § 2255(h). To the extent the Court

---

[2] In any event, to the extent Petitioner's Alleyne claim concerns the application of 21 U.S.C. § 841(b)(1)(B) in her case, that claim would fail on the merits because (as documented above) Count Two of her Indictment charged her with possessing with intent to distribute 100 grams of more of heroin and she admitted that fact as part of her plea. See, e.g., United States v. Moncada-Delarosa, 582 F. App'x 493, 493-94 (5th Cir. 2014) ("In the present case, [the defendant] admitted to facts that established a statutory minimum sentence of five years of imprisonment, and no judicially found facts increased the statutory minimum sentence. See 21 U.S.C. § 841(b)(1)(B)(viii). Accordingly, [the defendant's Alleyne] argument is foreclosed."); Barnhill v. United States, Nos. 7:10CR75D, 7:14CV24D, 2014 WL 3919911, at *4 (E.D.N.C. Aug. 11, 2014) (unpublished) ("Alleyne holds that any fact supporting an enhanced mandatory minimum sentence must be alleged in the indictment and be admitted by the defendant or found by a jury beyond a reasonable doubt. [The petitioner's] criminal information alleged the drug type and quantity . . . that subjected [him] to a five-year mandatory minimum sentence. [The petitioner] knowingly and voluntarily waived his right to a jury determination of this fact by pleading guilty, and his guilty plea satisfied the government's burden of proof."). Alternatively, if Petitioner's Alleyne claim involves an objection to offense level calculations under the advisory Sentencing Guidelines, her claim again lacks merit, "[a]s Alleyne had no effect on Guidelines enhancements," United States v. Holder, 549 F. App'x 214, 215 (4th Cir. 2014); accord United States v. Benn, 572 F. App'x 167, 179-80 (4th Cir.), cert. denied sub nom., Haith v. United States, ___ U.S. ___, 135 S. Ct. 385 (2014), and Jeffries v. United States, ___ U.S. ___, 135 S. Ct. 313 (2014); United States v. Hailey, 563 F. App'x 229, 231 (4th Cir. 2014); United States v. Allen, 567 F. App'x 175, 177 n.2 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 300 (2014).

6

might wish to construe the foregoing letter motion as a request by Petitioner to amend her Section 2255 Motion, pursuant to 28 U.S.C. § 2242, Rule 12 of the Rules Governing Section 2255 Proceedings, and Federal Rule of Civil Procedure 15(a)(2), the Court should deem any such amendment futile due to the untimeliness of the proposed new claims. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action [proposed for addition to a proceeding under Section 2255], amendment may be futile and therefore can be denied.").[3]

**IT IS THEREFORE RECOMMENDED** that the United States's Motion to Dismiss (Docket Entry 51) be granted, that Petitioner's Letter Motion (Docket Entry 54) be denied, and that Petitioner's Motion to

---

[3] Petitioner's letter motion identifies these "grounds [she] wish[es] to raise" (Docket Entry 54 at 1): 1) "[Petitioner] live[d] in McCleansville County . . . [but] police from Greensboro County arrested [her, such that she] question[s] their jurisdiction" (id.); 2) "[t]he police had no search warrant when they searched [Petitioner's] residence . . . [, they] took possession of [her] property which they did not report . . . [and they] alleged that they confiscated drugs and money yet the amounts were never reported to [Petitioner]" (id. at 1-2); 3) during Petitioner's prior proceedings before this Court, one of her attorneys "withdrew her representation without informing [Petitioner]" (id. at 2; see also Docket Entry 18 (allowing one of Petitioner's attorneys to withdraw); and 4) "[t]he evidence should have been thrown out since it was unlawfully searched and seized" (Docket Entry 54 at 2). Petitioner has not offered any basis for the Court to conclude that an accrual date other than the one provided by Paragraph (1) of Subsection 2255(f) would apply to these claims or that equitable tolling would excuse her presentation of these claims nearly a year after the applicable one-year filing period ended. (See id. at 1-2.)

Vacate, Set Aside, or Correct Sentence (Docket Entry 45) be dismissed without issuance of a certificate of appealability.

/s/ L. Patrick Auld<br>**L. Patrick Auld**<br>**United States Magistrate Judge**

January 16, 2015